**STATE of Maine**

v.

**Aaron S. GREENWALD.**

Supreme Judicial Court of Maine.

Argued March 15, 1982.

Decided June 2, 1982.

---

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Daniel G. Lilley (orally), Portland, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

VIOLETTE, Justice.

The defendant, Aaron Greenwald, appeals from a judgment of conviction of burglary (17–A M.R.S.A. § 401) and theft by unauthorized taking or transfer (17–A M.R.S.A. § 353), entered by the Superior Court, Penobscot County, following a jury trial. On appeal, the defendant (1) challenges the sufficiency of the evidence presented on the intent element of the burglary charge and; (2) claims that there was no rational basis for the jury to conclude that he had no good faith claim of right to the property taken. We reject both claims and affirm the judgment of conviction.

## FACTS

In the fall of 1978, the defendant rented an apartment to Bruce McKenzie, a carpenter/laborer. Shortly thereafter, McKenzie began working for the defendant renovating another apartment owned by him in a different building. Upon completion of the work in March 1979, McKenzie and a friend rented the newly renovated apartment from the defendant. At various times after he moved into the new apartment, McKenzie was late in making rent payments. On October 12, 1979, McKenzie was again late in paying his rent to the defendant. As a result, the defendant entered McKenzie's apartment on that day, using a key left in the hallway by McKenzie for a repairman, and removed McKenzie's stereo from the premises.

## I.

When the intended crime in the burglary charge is theft by unauthorized taking or transfer, the state must prove, that at the time of entry, the defendant had both the intent to obtain or exercise control over property of another and the intent to deprive required under the theft provision, 17–A M.R.S.A. § 353. *See State v. S. G.,* Me., 438 A.2d 256, 258 (1981). Section 352(3) defines "intent to deprive":

> 3. "Intent to deprive" means to have the conscious object:
>
> A. To withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or the use and benefit thereof, would be lost; or
>
> B. To restore the property only upon payment of a reward or other compensation; or
>
> C. To use or dispose of the property under circumstances that make it unlikely that the owner will recover it or that manifest an indifference as to whether the owner will recover it.

Whether the defendant intended, at the time he entered McKenzie's apartment, to deprive him of his stereo under the provisions of section 352(3), was a question of fact for the jury to determine. Upon the

evidence presented, a rational trier of fact could have concluded beyond a reasonable doubt that the defendant had the requisite intent to permanently deprive McKenzie of his stereo when he entered the apartment. The jury would have been warranted in inferring the intent to permanently deprive from the following testimony heard at trial: the defendant testified that his intent, when he entered the apartment, was to take the stereo; the defendant admitted that when McKenzie first asked the defendant for his stereo back, the defendant did not admit to having it but said that he didn't "know anything about [the] stereo"; the defendant also testified that he did not intend to give the stereo back unless and until McKenzie paid the rent and that at the time of trial he was still in possession of the stereo; and McKenzie testified that the defendant told him at one point that he "was going to throw it in the river." The defendant also testified that he did not intend to permanently deprive McKenzie of his stereo. Obviously disbelieving the defendant on this statement, the jury found him guilty. Because we conclude that there was sufficient evidence upon which a rational trier of fact could infer that the defendant intended to permanently deprive McKenzie of his stereo, we reject the defendant's claim of error on this issue.

## II.

Section 361(1) of Title 17–A, part of the theft chapter of the Criminal Code, provides in pertinent part: "It is an affirmative defense to prosecution under this chapter that the defendant acted in good faith under a claim of right to property ..." When a defendant asserts an affirmative defense, he has the burden of proving that defense by a preponderance of the evidence. 17–A M.R.S.A. § 5(3) (1980). On the evidence presented at trial, a rational trier of fact was fully warranted in concluding that the defendant had not proved by a preponderance that he acted under a good faith claim of right to the stereo. On cross-examination, the defendant testified that at the time he took the stereo he was aware of the proper legal procedure available to have

a tenant evicted for nonpayment of rent. He further testified that, in fact, he had evicted another tenant previous to this incident by legal process. Finally, the defendant's testimony indicates that from past experience he felt legal means would take too long, the resulting attorney's fees would be expensive, and consequently, it would be "more productive" to use his own personal means to collect rent owed and to evict the tenant. The defendant's own testimony, therefore, was sufficient evidence from which the jury could infer that the defendant did not act in good faith under a claim of right. Accordingly, we reject this claim of error.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.